Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRITTANY CERRATO, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> SEABOARD CORPORATE SERVICES, LLC and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   BRITTANY CERRATO
   1001 Northhampton Boulevard
   Toms River, New Jersey 08757

   SEABOARD CORPORATE SERVICES, LLC
   160 First Street, #408
   Mineola, New York 11501

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and

through her attorneys, alleges that the Defendant, SEABOARD CORPORATE SERVICES, LLC

("SEABOARD CORPORATE") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Ocean County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SEABOARD CORPORATE maintains a location at 160 First Street, #408, Mineola, New York 11501.

8. SEABOARD CORPORATE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. SEABOARD CORPORATE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from SEABOARD CORPORATE, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 6, 2019, Plaintiff allegedly incurred a financial obligation to CARDIOLINK CORPORATION ("CARDIOLINK").

19. The CARDIOLINK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CARDIOLINK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CARDIOLINK obligation did not arise out of a transaction that was for non-personal use.

22. The CARDIOLINK obligation did not arise out of a transaction that was for business use.

23. The CARDIOLINK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CARDIOLINK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before February 6, 2019, the CARDIOLINK obligation was referred to SEABOARD CORPORATE for the purpose of collection.

26. At the time the CARDIOLINK obligation was referred to SEABOARD CORPORATE the CARDIOLINK obligation was past due.

27. At the time the CARDIOLINK obligation was referred to SEABOARD CORPORATE the CARDIOLINK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Defendants caused to be delivered to Plaintiff a letter dated February 6, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The February 6, 2019 letter was sent to Plaintiff in connection with the collection of the CARDIOLINK obligation.

30. The February 6, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The February 6, 2019 letter is the initial written communication sent from Defendant to the Plaintiff.

32. Upon receipt, Plaintiff read the February 6, 2019 letter.

33. The February 6, 2019 letter provided the following information regarding the balance claimed due on the CARDIOLINK obligation:

Total Due:             300.00

34. The February 6, 2019 letter stated in part:

> **Any payment returned by your bank will add a $50.00 check processing fee which will be added to your balance.** (emphasis added)

35. On the reverse of the February 6, 2019 letter, it stated:

> **Further, I certify that there is a sufficient balance to cover the payment of this check as detailed above. Otherwise, I understand that lack of payment by my bank will result in a fee of fifty ($50) dollars to be added to my balance and to be paid in addition to my regular payment amount at the time of my next scheduled payment.** (emphasis added).

36. In addition, on the reverse of the February 6, 2019 letter, it stated with respect to payments made by credit card:

> **Further, I certify that there is a sufficient credit amount on the card listed below to cover the charges detailed above. Otherwise, I understand that lack of approval by my credit card company will result in a fee of fifty ($50) dollars to be added to my balance and to be paid in addition to my regular payment amount at the time of my next scheduled credit card payment. Declined payment will be re-attempted no less than 3 times** (emphasis added).

37. As of the date of the February 6, 2019 letter, CARDIOLINK did not have the legal or contractual authority to assess any $50.00 fee on the CARDIOLINK obligation.

38. There is no agreement between Plaintiff and others similarly situated and their respective creditors expressly authorizing the $50.00 transaction or processing fee.

39. There is no agreement between Plaintiff and others similarly situated and their respective creditors expressly authorizing the $50.00 transaction or processing fee to be added to the balances of the respective obligations.

40. There is no law which permits a $50.00 transaction or processing fee to be charged to Plaintiff and others similarly situated.

41. There is no law which permits a $50.00 transaction or processing fee to be added to the balances of the obligations of Plaintiff and others similarly situated.

42. SEABOARD CORPORATE knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the compensation which may be lawfully received by any debt collector for the collection of a debt;

   (c) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (d) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (e) Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant's imposition of a $50.00 transaction or processing fee would cause the least sophisticated consumer to be confused as to whether the fee was authorized by an agreement with the original creditor.

50. Defendant's imposition of a $50.00 transaction or processing fee would cause the least sophisticated consumer to be confused as to whether the fee was authorized by law.

51. Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692e(2)(B), § 1692e(5); § 1692e(10) and § 1692f(1).

52. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to a $50.00 transaction or processing fee.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to a $50.00 transaction or processing fee.

56. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

57. Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

58. Defendant violated 15 U.S.C. § 1692e(2)(B) by making false representations that it could lawfully receive a $50.00 transaction or processing fee

59. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

60. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by a $50.00 transaction or processing fee without the legal or contractual authority to do so.

61. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due by a $50.00 transaction or processing fee without the legal or contractual authority to do so.

63. Section 1692f et seq. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

65. Section 1692f(1) prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

66. Defendant violated 15 U.S.C. § 1692f(1) by collecting and/or attempting to collect a $50.00 transaction or processing fee when the fee was not expressly authorized by the agreement creating the debt or permitted by law.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 10, 2019                                Respectfully submitted,

By:   *s/ Ben A. Kaplan*
      Ben A. Kaplan, Esq. (NJ 0337712008)
      CHULSKY KAPLAN, LLC
      280 Prospect Avenue, 6G
      Hackensack, New Jersey 07601
      Phone (877) 827-3395 ex 102
      Cell Phone: (201) 803-6611
      Fax: (877) 827-3394
      ben@chulskykaplanlaw.com
      Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: April 10, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
