**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BRITTANY CERRATO, on behalf of herself
and all others similarly situated,

            Plaintiffs,

v.

SEABOARD CORPORATE SERVICES,
LLC, PATRICIA TUOHY, JOHN DOES 1-25,

            Defendants.

Civil Action No. 19-9448 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Brittany Cerrato's ("Plaintiff") Motion for Default Judgment against Seaboard Corporate Services, LLC ("Seaboard") and Patricia Tuohy ("Tuohy") (collectively, "Defendants"). (ECF No. 11.) On April 10, 2019, Plaintiff filed this putative class action against Seaboard, alleging that Seaboard sent her and other New Jersey consumers debt collection letters and notices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (Compl. ¶¶ 2, 11, ECF No. 1.)

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction . . . over the parties." *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (internal quotation marks and citation omitted). "A court obtains personal jurisdiction over the parties when the complaint and summons[es] are properly served upon the defendant[s]." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991). An unincorporated association, such as a limited liability company, must be served by "delivering a copy of the summons and of the complaint to an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff initially filed suit against Seaboard alone and listed Seaboard's mailing address as 160 First Street, #408, Mineola, New York 11501 ("the Mineola address"). (Compl. ¶ 1.) A summons was issued as to Seaboard. (ECF No. 2.) Plaintiff alleges that "[t]he server . . . was unable to effect service at [Seaboard's] last known address[,] but[,] in the course of attempting service[,] the server determined that Patricia Tuohy was an officer (secretary) of [Seaboard] and that [D]efendants were located at a different business address." (Pl.'s Moving Br. 1, ECF No. 11-5.)

On May 22, 2019, Plaintiff filed an Amended Complaint, adding Tuohy as a defendant. (*See* Am. Compl., ECF No. 3.) The Amended Complaint alleges that Tuohy "is the listed owner of the Post Office Box used by Seaboard . . . to collect debts." (Am. Compl. ¶ 13), and lists the following mailing address for Defendants: 84 Springtime Lane S., Levittown, NY 11756 ("the Levittown address") (*id.* ¶ 1). The Amended Complaint yet alleges that Seaboard maintains a location at the Mineola address. (*Id.* ¶ 7.) The Amended Complaint further alleges that "Seaboard does not maintain any valid or current filing status with any State authorizing it do business as a [l]imited [l]iability [c]ompany." (*Id.* ¶ 8.) Plaintiff requested that the Clerk issue summonses for Defendants. (ECF No. 4.) On May 30, 2019, the Amended Complaint was served upon Tuohy individually, (Tuohy Aff. of Service, ECF No. 7), and Tuohy "as Corporate Officer for Seaboard" at the Levittown address, (Seaboard Aff. of Service, ECF No. 6).

Here, it is unclear whether Plaintiff effectuated proper service. First, the Amended Complaint alleges that Seaboard is not an authorized limited liability company with any state (Am. Compl. ¶ 8), but Plaintiff alleges that Tuohy is an "officer" of Seaboard. (Pl.'s Moving Br. 1.) Second, the Amended Complaint alleges that Seaboard maintains a location at the Mineola

2

address, (Am. Compl. ¶ 7), but Defendants were served at the Levittown address. (*See* Tuohy and Seaboard Affs. of Service.) Because Plaintiff fails to provide adequate proofs that Plaintiff properly served process upon Seaboard or that Tuohy is an agent authorized by appointment or by law to receive service of process for Seaboard, the Court is unable to determine its jurisdiction over Seaboard. As the issue of service is a threshold issue, the Court does not reach other potential issues with Plaintiff's Motion.[1]

Based on the foregoing,

**IT IS** on this 20th day of May 2020, hereby **ORDERED** that:

1. Plaintiff's Motion for Default Judgment (ECF No. 11) is **DENIED** without prejudice.

2. By **June 19, 2020**, Plaintiff may either serve Defendants or file a renewed motion for default judgment accompanied by a Certification that provides a sufficient basis for the Court to determine its jurisdiction over Defendants.

3. Plaintiff must serve a copy of this Order upon Defendants by **June 1, 2020**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] For example, Plaintiff seeks relief against Tuohy, (*see* Proposed Order for J. Against Defs., ECF No. 11-9), but her brief is silent on the appropriateness of entering default judgment against Tuohy, (*see generally* Pl.'s Moving Br). Moreover, the Amended Complaint only alleges that Tuohy is "a resident of Nassau County, New York" and that Tuohy is the "listed owner of the [p]ost [o]ffice [b]ox used by Seaboard." (Am. Compl. ¶¶ 11–13.) It is unclear how these facts, even if considered unchallenged, would render Tuohy liable to Plaintiff under the FDCPA.

3